FLOYD FROAH, Petitioner, v. HUBERT UTTERBACK, Judge, Respondent.

**INTOXICATING LIQUORS:** Contempt—Evidence—Sufficiency. A judgment of conviction of contempt in violating an intoxicating liquor injunction, even though based on sharply conflicting testimony, will not be disturbed on certiorari if the testimony clearly sustains the action of the lower court. (See Book of Anno., Vol. 1, Sec. 2027, Anno. 41 *et seq.*)

Headnote 1: 33 C. J. p. 704.

Headnote 1: 5 R. C. L. 262.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

NOVEMBER 16, 1926.

This is a proceeding in certiorari to test the legality of the action of the district court in holding the petitioner guilty of contempt for violation of a liquor injunction.—*Affirmed.*

*Jensen & Connolly,* for petitioner.

*Ben J. Gibson,* Attorney-general, and *Vernon R. Seeburger,* County Attorney, for respondent.

EVANS, J.—The sole question presented in the case is one of identity. Two men were concerned in the offense charged against the petitioner. Art Darrah, a brother-in-law of the petitioner's, was one of them. He admits his connection with the offense. He testified on behalf of the petitioner that the other man connected with the offense was Lindley, another brother-in-law of the petitioner's. The offense consisted in bringing to a concealed place five jugs of intoxicating liquor and delivering the same to other persons who arrived at almost the same time as the purveyors of the liquor. Two officers were in concealment at the time, at the very place, and made the arrest promptly. In the meantime, there was an assemblage of other people, who were attracted by the commotion. The petitioner contends that he was simply one of that assemblage. The point at which the of-

fense was consummated was within 150 feet of the petitioner's residence. The event happened about 11:30 P. M., on a moonlight night in June. The car in which the liquor was brought, belonged to Lindley, but was kept at the petitioner's residence. One of the witnesses for the petitioner testified that he had called for Froah at his residence sometime earlier in the evening, and that he was not home at that time, nor was the car. After the delivery of the liquor at the place of concealment, the car was driven by its driver to the Froah residence. The officers testified positively to the identity of Froah, though neither of them had a previous acquaintance with him. The petitioner seems to have been previously associated with Ray and Jones, to whom the liquor was delivered, and they had called at his residence earlier in the evening, when he was not present. The most that can be said for the petitioner is that the evidence was in sharp conflict, but was quite abundant to sustain the action of the district court.

Its order is, accordingly, affirmed.—*Affirmed.*

DE GRAFF, C. J., and ALBERT and MORLING, JJ., concur.